[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 133 
On appeal from Essex County Court, Probate Division.
This appeal is from an order of distribution entered in the Probate Division of the Essex County Court. The errors alleged are (1) the failure of the County Court to surcharge the executor with the costs of proceedings on the exceptions to his account, and (2) the abuse of discretion by the court in not allowing counsel fees of $2,500 plus disbursements of $670.14 to the counsel of appellant.
Appellant is Dorothy Kieferdorf Mulligan, guardian ad litem
for Dorothy Carol Mulligan, the infant residuary legatee under the last will and testament of Anna F. Sands. John Schwenck, Sr., qualified as executor of the estate. A claim made up of five items, totaling $12,770.82, was filed against the estate by Edna Schwenck, the wife of the executor. The guardian ad litem gave formal notice in writing to the executor that the claim should be disputed. The executor allowed one item of the claim in full and two other items in part, and paid $11,208.37 to the claimant. The guardian filed exceptions to the credit of $11,208.37 claimed by the executor in his account. Advisory Master Clapp, after hearing, advised that the exceptions to the credit claimed be overruled as to *Page 134 
two items totaling $1,059.37 and allowed as to one item amounting to $10,149; and the County Court entered an order accordingly. Then the County Court entered the order of distribution under appeal.
Appellant argues that the costs of the proceedings on the exceptions were incurred because of the executor's improper conduct and wrongful acts and he should be surcharged with these costs. The fact that an executor allows and pays a claim which is later disallowed on exceptions to an account, is not of itself any proof of improper conduct or wrongful act on his part. If the executor, instead of allowing a claim, disputes it, the cost of defending the suit on the claims falls upon the estate. The executor is the legal representative of the estate, and as a general rule he may, at his discretion and without the assent of those interested in the estate, pay or compromise any claim against it, even though barred by the statute of limitations.Vreeland v. Vreeland's Adm'r, 16 N.J. Eq. 512 (Prerog.
1863). If the executor pays or compromises a claim, and on exceptions it is determined that the claim is illegal or unfounded, the executor will not be allowed credit for the payment in his account, but he is not thereby subjected to a surcharge for the costs of the proceedings on the exceptions. A surcharge for the costs may be made only if there is a finding of collusion or want of good faith on the part of the executor.Vreeland v. Vreeland's Adm'r, above. The court below apparently concluded that in this case a finding of collusion or want of good faith on the part of the executor was not warranted, and we agree. We find no error in the refusal to surcharge the executor with the costs of the proceedings on the exceptions.
In re Johnston, 127 N.J. Eq. 576 (Prerog. 1940); affirmed, o.b., 129 N.J. Eq. 104 (E. A. 1941);Pennsylvania Co. v. Gillmore, 142 N.J. Eq. 27 (Ch. 1948);Liberty Title, etc., v. Plews, 142 N.J. Eq. 493 (Ch. 1948), and Dickerson et al. v. Camden Trust Co. et al., 2 N.J. 237,64 A.2d 214 (Sup. Ct. 1949), cited by the appellant, are not in point. These cases all deal with acts of an executor or trustee in connection with investments, and the surcharges made of costs of the *Page 135 
proceedings on exceptions were made because the necessity for the expenses arose out of the misconception of the fiduciary as to its duty with reference to its investments and through no fault on the part of the cestui.
The court below allowed the counsel for appellant $2,000, inclusive of all disbursements. The argument that there was an abuse of discretion in not allowing $3,170.14, is wholly lacking in merit.
The order under review is affirmed.